UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Harold Jamar Wilson, | ) | Civil Action No.: 6:14-cv-04287-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Harold Jamar Wilson, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1. Respondent Joseph McFadden filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 15 & 16. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 19. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kevin F. McDonald.[1] *See* R & R, ECF No. 23. The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment and deny Petitioner's petition. R & R at 41. Petitioner filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 25.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Background**

A state jury found Petitioner guilty of murder, assault and battery with intent to kill, attempted armed robbery, and possession of a firearm during the commission of a violent crime. Petition at 1.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

The Magistrate Judge provides a thorough summary of the procedural history of this case, with citations to the record, in the R & R. *See* R & R at 1-12. Respondent filed no objections to the R & R, and Petitioner's objections do not dispute the Magistrate Judge's rendition of the procedural history. Accordingly, the Court adopts the procedural history set forth in the R & R.

## **Standard of Review**

**I.     Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**II.    28 U.S.C. § 2254 Habeas Standard**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's

decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

**Discussion**

Petitioner raises three grounds for relief in his § 2254 habeas petition. *See* Petition at 5-17. The Magistrate Judge thoroughly summarizes those grounds in the R & R. *See* R & R at 9-12. Briefly stated, Ground One alleges seven claims of ineffective assistance of counsel; Ground Two asserts four allegations of trial court error; and Ground Three challenges the trial court's jurisdiction. *See* Petition at 5-17. The Magistrate Judge concludes that all but one of the claims in Ground One are procedurally defaulted and that all claims in Grounds Two and Three are procedurally defaulted. R & R at 14-15.

In his objections, Petitioner continues to argue the merits of several of the claims raised in his § 2254 petition. *See* Pet.'s Objs. at 1-5 (rearguing the following claims listed in the petition: Ground (A), (B), (E), (F), and (G); Ground Two (B); and Ground Three). However, he does not object to the

Magistrate Judge's conclusion that the procedural default rule[2] bars federal habeas review of all but one of the claims in the petition. The Court will therefore accept the Magistrate Judge's recommendation regarding those claims that are procedurally defaulted. *See Camby*, 718 F.2d at 199-200 (explaining that if a party's objections lack the requisite specificity envisioned by 28 U.S.C. § 636(b)(1)(C), the district court need not conduct a de novo review of those portions of the R & R to which no specific objections have been made); *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (cautioning that, "absent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default," a court should not address the merits of procedurally defaulted habeas claims).

Petitioner does attempt, within his objections, to reallege the sole claim in his petition that is not procedurally defaulted—namely, the claim that trial counsel was ineffective for not objecting to the State's closing argument in which the solicitor allegedly vouched for one of the State's witnesses. *See* Pet.'s Objs. at 1. However, Petitioner merely presents the same factual grounds for relief articulated in his petition and argued in his response opposing Respondent's motion for summary judgment. *Compare* Pet.'s Objs. at 1, *with* Petition at 6, *and* ECF No. 19 at 3-5 (response in opposition). He does not set forth any arguments sufficient to shed doubt on the Magistrate Judge's thorough findings and disposition of the ineffective assistance claim. *See* R & R at 36-41. Petitioner's insufficient objection would appear to waive his right to further judicial review of the ineffective assistance claim. *See Hunt*

---

[2]     The procedural default rule precludes federal habeas review of a claim that has been decided by a state court on the basis of a state procedural rule, and is summarized as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

5

*v. Mortgage Elec. Registration*, 522 F. Supp. 2d 749, 752 (D.S.C. 2007) (finding the objecting party waived her right to further judicial review because her "objections [we]re non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or *merely restate[d] her claims*" (emphasis added)); *Gaines v. S. Carolina*, No. CIV.A.0:08CV00530RBH, 2009 WL 3817287, at *3 (D.S.C. Nov. 12, 2009) (finding that because the petitioner's objections merely restated the claims from his habeas petition, the district court had no reason to engage in a second analysis of those claims, which the magistrate judge had already addressed in thorough detail).

Nevertheless, out of an abundance of caution, the Court has conducted a de novo review of the non-procedurally barred claim of ineffective assistance and agrees with the Magistrate Judge that Petitioner has not shown the state court's adjudication of the claim resulted in a decision that was contrary to or unreasonable under the *Strickland*[3] standard, or that it was based upon an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. Accordingly, the Court overrules all of Petitioner's objections and agrees with the Magistrate Judge's recommendation to grant Respondent's motion for summary judgment.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment

---

[3] Claims of ineffective assistance of trial counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88; *see also Harrington*, 562 U.S. at 105 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."). Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. The Court has conducted a de novo review of the portion of the R & R to which Petitioner specifically objects, and it finds no merit in his objection. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 23].

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [ECF No. 16] is **GRANTED** and that Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                                            s/ R. Bryan Harwell
September 15, 2015                                                                   R. Bryan Harwell
                                                                                     United States District Judge